FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 16 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDREW S. MACKEY,

      Plaintiff,

   -against-

SECURED ASSET MANAGEMENT, LLC, et al.,

      Defendants.
-------------------------------------------------------------X

ORDER
17-CV-2795 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Andrew S. Mackey ("plaintiff") commenced this action in New York Supreme Court, Nassau County, on April 13, 2017. (Dkt. No. 1-1.) On May 8, 2017, defendants United States Department of Justice and Federal Bureau of Prisons (together, the "federal defendants") removed this action to this Court. (Dkt. No. 1.) On June 26, 2017, defendants Astoria Bank ("Astoria") and Dovenmuehle Mortgage, Inc., s/h/a/ Dovenmuelhe Mortgage Inc. ("DMI," and together with Astoria, the "moving defendants") filed a motion to dismiss plaintiff's complaint. (Dkt. No. 13.) The Court referred the moving defendants' motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation on October 26, 2017. (Dkt. No. 36.) On January 8, 2018, Judge Lindsay issued a Report and Recommendation ("R&R," Dkt. 40), recommending that the Court grant the moving defendants' motion to dismiss.

For the reasons set forth below, the Court adopts the R&R's finding and recommendation that the Court grant the moving defendants' motion to dismiss for lack of subject matter jurisdiction. The Court has already determined that the claims against the moving defendants are barred by the *Rooker-Feldman* doctrine, and the Court adheres to that ruling. However, because those claims were removed from state court and this Court has no subject matter jurisdiction over

the claims, the Court remands the claims against the moving defendants (and defendants Secured Asset Management, LLC ("Secured Asset") and Sterling National Insurance Corp. ("Sterling National"))[1] to Nassau County Supreme Court.

## I. Background

As Judge Lindsay explained in the R&R, it is necessary to review plaintiff's history of litigation against the current parties in order to understand the instant dispute.

On July 12, 2016, plaintiff filed a complaint in this Court against the federal defendants, Astoria Federal Savings Bank, and Secured Asset. Compl., *Mackey v. U.S. Dep't of Justice*, 16-CV-3865 (JFB) (ARL) (E.D.N.Y. July 12, 2016).[2] Plaintiff alleged, among other things, that Astoria and Secured Asset acted unlawfully in connection with the foreclosure of plaintiff's home. Earlier that year, on March 23, 2016, the Nassau County Supreme Court had issued a judgment of foreclosure and sale in favor of Secured Asset, foreclosing plaintiff's interest in the property. (*Mackey I*, Dkt. No. 40-5.) Astoria moved to dismiss on August 25, 2016 (*Mackey I*, Dkt. No. 27), and Secured Asset moved to dismiss on October 6, 2016 (*Mackey I*, Dkt. No. 40). On October 11, 2016, the Court referred the motions to Judge Lindsay for a Report and Recommendation. (*Mackey I*, Dkt. No. 47.)

On January 30, 2017, Judge Lindsay issued a Report and Recommendation (the "initial R&R," *Mackey I*, Dkt. No. 59), recommending that the motions to dismiss be granted and that leave to amend be denied. More specifically, Judge Lindsay recommended that the motions to

---

[1] Although Secured Asset and Sterling National have not moved to dismiss plaintiff's complaint in this action, the Court *sua sponte* remands plaintiff's claims against them for the reasons discussed herein.

[2] For ease of reference, plaintiff's initial action in this Court will be referred to herein as "*Mackey I*," and the Court will cite to docket entries in *Mackey I* as follows: (*Mackey I*, Dkt. No. ___).

The Court also notes that in *Mackey I*, plaintiff incorrectly sued Astoria Federal Savings Bank, instead of Astoria Bank. (*Mackey I*, Dkt. Nos. 13, 15.) Accordingly, the Astoria defendant is the same in *Mackey I* and this action, and the Court uses "Astoria" to refer to it in both actions.

2

be dismiss be granted for lack of subject matter jurisdiction, because there was neither diversity jurisdiction nor federal question jurisdiction, and the *Rooker-Feldman* doctrine would bar adjudication of plaintiff's claims. By Order dated February 22, 2017, the Court adopted the initial R&R in its entirety and dismissed plaintiff's claims against Astoria and Secured Asset. (*Mackey I*, Dkt. No. 62.) The Court also determined that, assuming *arguendo* that federal question jurisdiction existed over plaintiff's claims against the federal defendants, pendant party jurisdiction did not exist over plaintiff's claims against Astoria and Secured Asset because they arose from a different nucleus of operative facts than those against the federal defendants. Accordingly, the Court directed plaintiff to file a letter with the Court advising the Court whether he intended to proceed with his claims against the federal defendants.

After the Court adopted the initial R&R, the Court received plaintiff's objections. (*Mackey I*, Dkt. No. 63.) In his objections, plaintiff argued that there was diversity jurisdiction and federal question jurisdiction, and that the *Rooker-Feldman* doctrine did not apply. By Order dated February 27, 2017, the Court rejected plaintiff's objections. (*Mackey I*, Dkt. No. 64.) The Court concluded again that there was no diversity jurisdiction and, even assuming *arguendo* that plaintiff could state a plausible federal cause of action against Astoria and Secured Asset, the *Rooker-Feldman* doctrine would bar adjudication of plaintiff's claims. On March 3, 2017, plaintiff moved for reconsideration (*Mackey I*, Dkt. No. 65), and on March 8, 2017, the Court denied plaintiff's motion (*Mackey I*, Dkt. No. 66). The Court again directed plaintiff to submit a letter notifying the Court whether he intended to proceed with his claims against the federal defendants. By letter dated March 21, 2017, plaintiff confirmed that he intended to proceed against the federal defendants. (*Mackey I*, Dkt. No. 67.)

Thereafter, as noted above, plaintiff commenced this action in Nassau County Supreme Court. Plaintiff's complaint is essentially a repeat of his filings in *Mackey I*.[3] Plaintiff's complaint even acknowledges that he "filed this same motion in federal court on July 21 [sic], 2016." (Dkt. No. 1-1 at 7.) Plaintiff's complaint further states:

> On or about February 22nd[,] 2017, that case was dismissed by the federal court ruling that the parties all resided in the state of New York, and there was no diversity where the federal court could hear the case. Further stating that these were issues[] that should have been raised in the state Supreme Court.

(*Id.*) Without commenting on the accuracy of plaintiff's statement, the Court notes that plaintiff appears to have attempted to file his action in state court, consistent with the Court's Orders in *Mackey I* finding no subject matter jurisdiction over plaintiff's claims against Astoria and Secured Asset. Nevertheless, plaintiff named the federal defendants as parties to his state court action, even though he represented to the Court that he intended to proceed against the federal defendants in *Mackey I*. Thus, the federal defendants removed plaintiff's case to this Court pursuant to 28 U.S.C. § 1442(a)(1) (providing for removal by "[t]he United States or any agency thereof"). The federal defendants then filed the same motion to dismiss in this action and in *Mackey I* (Dkt. No. 35; *Mackey I*, Dkt. No. 86), both of which have been referred to Judge Lindsay (Dkt. No. 36; *Mackey I*, Dkt. No. 87).

In short, the Court finds itself in essentially the same position it was in a year ago—deciding whether the Court has jurisdiction to hear plaintiff's claims against the non-federal defendants.

---

[3] Plaintiff sued two additional parties: DMI and Sterling National. Otherwise, as Judge Lindsay points out, "[p]laintiff's complaint and filings in the present action are either carbon copies of his complaint and filings in *Mackey I* or are based on the same allegations and transactions." (R&R at 11-12.) Plaintiff's allegations against the moving defendants in the complaint in this action are nearly identical to plaintiff's objections to the initial R&R in Mackey I, which the Court rejected. In addition, the attachment to plaintiff's complaint (Dkt. No. 1-2) appears to be a copy of various filings in *Mackey I*, although the Court notes that plaintiff updated the date on certain pages.

## II. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## III. The Parties' Responses to the R&R

Plaintiff submitted objections to the R&R on March 1, 2018.[4] (Dkt. No. 46.) Plaintiff's objections do not discuss the R&R's recommendation that plaintiff's complaint be dismissed against the moving defendants on res judicata grounds. Instead, plaintiff argues that: (i) the

---

[4] By motion received on January 24, 2018, plaintiff requested an extension of time to submit objections to the R&R. (Dkt. No. 43.) By Order dated January 30, 2018, the Court granted plaintiff an extension of time, until February 27, 2018, to submit any objection to the R&R. (Dkt. No. 45.)

Court has diversity jurisdiction because Secured Asset is not a resident of New York and Astoria can be considered an out-of-state resident in light of their relationship with DMI; (ii) the Court has federal question jurisdiction because plaintiff's complaint raises valid federal causes of action; (iii) the *Rooker-Feldman* doctrine and collateral estoppel do not apply[5]; and (iv) defendants waived their jurisdictional arguments by failing to file a motion to remand in a timely fashion. Aside from plaintiff's final argument, plaintiff appears to attempt to relitigate the jurisdictional issues previously decided by this Court in *Mackey I*.

On March 6, 2018, the moving defendants submitted an opposition to plaintiff's objections. (Dkt. No. 47.) The moving defendants argue that plaintiff's objections are without merit, primarily because plaintiff did not object to the R&R's finding that plaintiff's claims are barred by res judicata. The moving defendants also assert that the Court should adopt the R&R in its entirety, dismiss the complaint against them with prejudice, and enjoin plaintiff from filing further actions against them.

The Court has fulling considered the parties' submissions.

## IV. Analysis

The Court agrees with the R&R's recommendation that the Court grant the moving defendants' motion to dismiss for lack of subject matter jurisdiction. As set forth in the R&R, although dismissals based on lack of subject matter jurisdiction generally do not have res judicata effect because there is no final decision on the merits, "a prior dismissal based on lack of subject matter jurisdiction is 'a final decision regarding the lack of the district court's power to act on those claims.'" *George v. Storage Am.*, No. 13 Civ. 9226(LAK), 2014 WL 1492484, at *3

---

[5] Plaintiff argues that collateral estoppel does not apply because there has been no determination *on the merits* with respect to plaintiff's claims. Plaintiff does not appear to argue that collateral estoppel does not apply to the Court's determination that there is no subject matter jurisdiction.

(S.D.N.Y. Mar. 6, 2014), *report and recommendation adopted*, 2014 WL 1494116 (S.D.N.Y. Apr. 16, 2014) (quoting *Wagstaff v. U.S. Dep't of Educ.*, 366 F. App'x 564, 565 (5th Cir. 2010)) (collecting cases); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000) ("[A] party that has unsuccessfully litigated a court's subject matter jurisdiction is normally collaterally estopped from such a subsequent challenge."). The R&R correctly found that the Court's finding that it lacked subject matter jurisdiction in *Mackey I* is res judicata on the issue of subject matter jurisdiction in this case. (*See* R&R at 9-12.)

Even if the Court were to independently decide the issue of jurisdiction again (as plaintiff appears to urge in his objections), it would likewise conclude that plaintiff's complaint must be dismissed against the moving defendants (and Secured Asset and Sterling National) for lack of subject matter jurisdiction. In short, assuming *arguendo* that diversity and/or federal question jurisdiction exists, the Court lacks jurisdiction over those claims under the *Rooker-Feldman* doctrine. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgment."); *Andrews v. Citimortgage, Inc.*, No. 14-CV-1534 (JS)(AKT), 2015 WL 1509511, at *2 (E.D.N.Y. Mar. 31, 2015) ("Even if diversity or federal question jurisdiction were present here, the Court would not exercise jurisdiction because of the *Rooker-Feldman* doctrine."). Plaintiff's complaint in this action requests that the court "vacate the [foreclosure] judgment entered on or about March 23rd 2016" and "order all sale and foreclosure proceedings to cease until the true facts can be heard by the Plaintiff, and to show cause why the judgment should not be vacated." (Dkt. No. 1-1 at 4-5.)[6] Because plaintiff's

---

[6] Plaintiff's complaint further states: "Once the facts are heard, by this Honorable Court, only then this court can make a sound decision, and rule that Plaintiff should have full or part title to his property, or reinstate the mortgage to a lower interest rate, and dating the debt back to what was owed in February 01, 2010." (*Id.* at 5.)

7

complaint clearly seeks the reversal of the state court judgment of foreclosure and sale, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine for the same reasons that the Court reached that conclusion in *Mackey I*. (*See, e.g., Mackey I*, Dkt. No. 64.)

Plaintiff's argument that defendants waived jurisdictional arguments by failing to timely move to remand this action is also unavailing. Although 28 U.S.C. § 1447(c) provides that a motion to remand must be filed within thirty days of the filing of the notice of removal, the statute clearly states that this time constraint is limited to "any defect other than lack of subject matter jurisdiction." The law is clear that subject matter jurisdiction cannot be waived, under the removal statute or otherwise. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 522 F. Supp. 2d 557, 561 & n.29 (S.D.N.Y. 2007) (collecting cases).

Finally, the Court declines the moving defendants' requests to dismiss plaintiff's claims against them with prejudice and enjoin plaintiff from filing further actions against the moving defendants. First, because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims against the moving defendants, it lacks the authority to dismiss such claims with prejudice. *Vandor, Inc. v. Militello*, 301 F.3d 37, 38-39 (2d Cir. 2002) (per curiam) ("[A]bsent jurisdiction 'federal courts do not have the power to dismiss *with prejudice*.'" (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999))).[7] Second, the

---

[7] Although the moving defendants moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b), given that the Court adopts the R&R's finding and recommendation that res judicata applies to the Court's subject matter jurisdiction determination, the Court ultimately dismisses plaintiff's complaint against the moving defendants on the same ground—lack of subject matter jurisdiction under Rule 12(b)(1). Accordingly, the Court does not reach the merits of plaintiff's claims against the moving defendants (or the moving defendants' motion to dismiss). *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."); *Lussier*, 211 F.3d at 700-01 ("If subject matter jurisdiction is lacking, the action must be dismissed.").

The Court also notes that the moving defendants point out that prior Orders in *Mackey I* dismissed plaintiff's claims against Secured Asset and Astoria with prejudice. (*See Mackey I*, Dkt. Nos. 62, 64.) However, as noted above, that

Court concludes, in its discretion, that a litigation bar is not appropriate at this time. Plaintiff is *pro se* and, more importantly, it appears that plaintiff attempted in good faith to file his action against the moving defendants in state court, consistent with the Court's prior Orders dismissing plaintiff's claims against Astoria and Secured Asset for lack of subject matter jurisdiction. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (district court should consider, among other factors, "whether the litigant is represented by counsel" and the "litigant's motive in pursuing the litigation" in determining whether litigation injunction is warranted). Accordingly, the Court, in its discretion, declines to impose a filing injunction on plaintiff at this time.

### V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned finding and recommendation in the R&R (Dkt. No. 40) that the moving defendants' motion to dismiss be granted for lack of subject matter jurisdiction. Accordingly, the moving defendants' motion to dismiss (Dkt. No. 13) is granted for the reasons set forth herein. In addition, plaintiff's claims against the moving defendants (and Secured Asset and Sterling National) are remanded to Nassau County Supreme Court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (concluding removed claims for which there was no subject matter jurisdiction should be remanded, rather than dismissed outright).

---

was clearly an error in light of applicable case law. Therefore, those prior Orders are modified to reflect that those dismissals were without prejudice.

IT IS FURTHER ORDERED that the moving defendants shall serve a copy of this Order on plaintiff and file proof of service with the Court.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2018
Central Islip, New York